EOD APR 2 3 2002

FILED-CLERK
U.S. DISTRICT COURT
02 APR 19 PM 3:01
TX EASTERN-BEAUMONT
BY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOHN WILLIAM KING, | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. 1:-01cv435 |
| | § | Judge Richard A. Schell |
| JANIE COCKRELL, Director, | § | |
| Texas Department of Criminal | | |
| Justice, Institutional Division | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART SUPPLEMENTAL PRE-FILING REQUEST FOR AUTHORIZATION OF EXPENSES FOR INVESTIGATION AND PRESENTATION OF ISSUES

THIS MATTER comes before the court on Petitioner John William King ("King")'s Supplemental Pre-Filing Request for Authorization of Expenses for Investigation and Presentation of Issues, filed on December 14, 2001. The court, having considered the circumstances alleged and authorities cited in the pertinent pleadings, finds that the request is well-taken in part, and it will be granted in part.

King seeks to employ an investigator and six experts to aid him in researching and presenting his federal habeas corpus petition. Funding for indigent petitioners to obtain such assistance is authorized by 21 U.S.C. §848(q)(9), provided petitioner can establish that they are reasonably necessary for his representation.

1

26

King was convicted of capital murder for kidnaping and killing James Byrd. Although he has not yet filed his petition for a writ of *habeas corpus*, he states in his request that he intends to raise three general claims: that he is actually innocent, that he received ineffective assistance of counsel at trial, and that the State withheld exculpatory evidence. As King concedes, precedent from the United States Court of Appeals for the Fifth Circuit precludes his obtaining *habeas corpus* relief based on a claim of actual innocence. *Robinson v. Johnson*, 151 F.3d 256, 267 (5th Cir. 1998), *cert. denied*, 526 U.S. 1100 (1999). The court notes, however, that were King able to establish his actual innocence, the court would be required to address the merits of claims that would otherwise be procedurally barred. *Dowthitt v. Johnson*, 230 F.3d 733, 752 (5th Cir. 2000), *cert. denied*, ___ U.S. ___, 121 S.Ct. 1250 (2001). Because at least three of the claims King intends to raise appear procedurally barred, the court finds that the services of an investigator to investigate whether King is actually innocent are reasonably necessary and the interests of justice require that King receive them.

As to his ineffective assistance of counsel claims, King states that he intends to raise four claims which are not procedurally barred: conflict of interest, failure to raise an alibi defense, failure to raise insanity as a defense at trial, and failure to present mitigating mental illness evidence. The court finds that the services of an investigator to investigate the facts underlying all of these claims is reasonably necessary, and that the interests of justice require that he receive them. Accordingly, the court authorizes the expenditure of $3,000 for the services of an investigator to investigate King's claims of actual innocence and ineffective assistance of counsel.

The court finds that the services of an expert criminalist/forensic evidence examiner is reasonably necessary for King's failure to present an alibi defense, and that the interests of justice require that he receive them. The court authorizes $2,500 for this purpose. The court finds that the services of a coroner are not reasonably necessary for preparation and presentation of King's failure to present an alibi defense, and accordingly, will not authorize funds for this purpose.

The court finds that the services of a psychologist are reasonably necessary for King's failure to raise the insanity defense at the guilt/innocence phase of his trial and failure to raise mental illness as mitigation at the punishment phase of his trial, and that the interests of justice require that he receive them. The court authorizes $2,500 for this purpose. Finally, the court finds that the services of an attorney expert and/or other experts are reasonably necessary to consult and opine on questions of deficient performance and prejudice in both the guilt/innocence and punishment phases of King's trial and that the interests of justice require that he receive them. The court authorizes $2,500 for this purpose.

King also states that he intends to raise two ineffective assistance of counsel sub-claims based upon the failure to properly cross-examine a witness who testified about gangs and a witness who testified about King's tattoos. The court finds that while expert assistance may be reasonably necessary for King to present these claims, because the claims appear procedurally barred, the interests of justice do not require that he receive them. The court will accordingly deny his request for authorization to employ these experts at this time. If King is successful in establishing his actual innocence, he may file a new request for authorization.

The final claim King states he intends to raise is that the prosecution withheld exculpatory evidence. As with the previous claim, while the services of an investigator to search police and

3

prosecution records may be reasonably necessary for King to present this claim, because it appears procedurally barred, the interests of justice do not require that he receive them. Should King succeed in establishing his actual innocence, the court will consider a new request for further investigative services.

IT IS, THEREFORE, ORDERED that Petitioner's supplemental Request for Authorization of Expenses for Investigation and Presentation of Issues (docket entry # 17) is GRANTED IN PART; the court authorizes $10,500 for the investigative and expert services discussed in this opinion.

SIGNED this 19th day of April, 2002.

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE